# W. F. Johnson et al., Plffs. in Err., *v.* W. A. Ensign et al.

One who advances money upon the security of property, instead of purchasing it, cannot hold the property as security for the debt as against creditors in execution.

(Decided May 17, 1886.)

Error to the Common Pleas of Erie County to review a judgment for defendants upon an issue under the sheriff's interpleader act to try title to certain property. Affirmed.

On December 4, 1879, Tyler & Scouller, tanners, entered into the following contract with Wm. F. Johnson & Co., wholesale leather dealers and commission merchants:

This agreement made between Tyler & Scouller, of North East, Erie county, Pennsylvania, of the first part, and Wm. F. Johnson & Company, of Boston, Massachusetts, of the second part, Witnesseth, That each of the parties, in consideration of the agreement of the other herein contained, hereby agree with the other, as follows, *viz.:*

Said Tyler & Scouller agree to purchase raw hides and skins sufficient to supply their tannery in North East, Pennsylvania, for the time being, and cause the same to be delivered to said Wm. F. Johnson & Company at said tannery, and will have every hide of the different lots marked with a number, to distinguish the lots, and to send to said Wm. F. Johnson & Company, at Boston, bills of said hides and skins, as they are being delivered at said tannery.

Said Wm. F. Johnson & Company agree to remit to said Tyler & Scouller such sums of money as shall be requisite to pay for said hides and skins, their market value in North East, Pennsylvania, at the time of delivering thereof at said tannery, and as fast as delivered. Said Tyler & Scouller agree to receive and tan for said Wm. F. Johnson & Company the said hides and skins, in a workmanlike manner, with all reasonable despatch, and to send the same as fast as tanned to said Wm. F. Johnson & Company at Boston. Said Wm. F. Johnson & Company agree to sell said tanned hides and skins and pay to said Tyler & Scouller, as compensation for said tanning, such sums as shall equal the proceeds of the sales of said leather, after deducting therefrom the said purchase price of the hides and skins from which the leather was made; also 5 per cent on the gross amount of the sales, freight on the leather, interest at the rate of 7 per cent per annum, and all premiums which said Wm. F.

Johnson & Company pay for insuring the said hides and skins while in tannery or storehouse at North East.

Said Tyler & Scouller shall be liable for and pay to said Wm. F. Johnson & Company any loss or damage to said property, by theft or otherwise; said hides and skins always and under every state of the tanning process to remain the exclusive property of Wm. F. Johnson & Company; and nothing herein contained shall in any way or manner be construed as making said Tyler & Scouller and Wm. F. Johnson & Company partners.

The parties did business under this agreement until February 27, 1885, when judgment was entered against Tyler & Scouller in favor of W. A. Ensign & Son. Writs of fieri facias were issued, and all the hides, skins, and leather in the tannery were levied on as the property of Tyler & Scouller. Johnson & Company claimed them.

A portion of the hides levied on by the sheriff had been bought by Tyler & Scouller from Hoffield & Geissler and Nathan Wolf, and these same hides had been sold by Tyler & Scouller to Wm. F. Johnson & Company and by them paid for, but Tyler & Scouller had not paid Hoffield & Geissler and Nathan Wolf for them; and consequently Hoffield & Geissler and Nathan Wolf appeared and claimed them as their property, and alleged that Tyler & Scouller had fraudulently induced them to sell the hides on credit, by false representation as to their pecuniary circumstances.

To settle who were the owners of the property levied on, the court directed an issue to try the question, wherein Wm. F. Johnson & Company, Hoffield & Geissler, and Nathan Wolf were plaintiffs, and W. A. Ensign & Son were defendants.

At the trial plaintiffs in error presented certain points to the court, requesting a charge in conformity therewith. The points and answers were as follows:

1. If the jury find from the evidence that Wm. F. Johnson & Company, under contract with Tyler & Scouller dated December 4, 1879, paid Tyler & Scouller for the hides and skins in their tannery, and had them marked with a private mark

to designate that they were the property of Wm. F. Johnson & Company, then, and in that case, they became the property of said Wm. F. Johnson & Company, and the plaintiffs are entitled to a verdict in their favor.

*Answer.* As between Johnson & Company and Tyler & Scouller, the relations would be as provided in the contract in evidence, which is of course the law of the case so far as the parties to it are concerned; but as against the creditors of Tyler & Scouller, under whose execution the property was seized, the case is otherwise. The evidence shows that the transaction was a loan or loans by Johnson & Company.

· The point is refused.

2. If the jury find from the evidence that Wm. F. Johnson & Company innocently bought the hides from Tyler & Scouller, embraced in lots 97 to 106 inclusive, and that the hides were kept by them at the tannery of Tyler & Scouller, to be tanned under the said contract of December 4, 1879, then said hides were the property of Wm. F. Johnson & Company, and the verdict of the jury should be in favor of Wm. F. Johnson & Company for the hides embraced in lots 97 to 106 inclusive.

*Answer.* This is refused.

There was no change of possession as required by law; and while I am of opinion that a purchaser may leave unfinished goods with a manufacturer to be completed, and that in such case the fact of property being left in possession of the seller would not be fraudulent as to creditors, the case here presented is of a different nature. Johnson & Company were lenders only and not purchasers, so far as third persons are concerned; and they cannot hold the property as security for advances, as against creditors who have taken it in execution.

The point is refused.

Johnson & Company brought this writ, assigning for error the answers of the court as above.

*Davenport & Griffith,* for plaintiffs in error.—In the case of Barr v. Reitz, 53 Pa. 257, the court says: "But in considering the question what is an actual delivery, the nature of the

property and circumstances attending the sale must be taken into the account. We are not, in carrying out a mere rule of policy, to confound all distinctions between that which is capable of easy delivery and that which is not. Squared timber lying in the woods, or piles of boards in a yard, are incapable of the same treatment as a piece of cloth or a horse. Chase v. Ralston, 30 Pa. 539; Haynes v. Hunsicker, 26 Pa. 58; Herron v. Fry, 2 Penr. & W. 263. So there are many cases which allow the force of those circumstances which take away any false color or appearance of ownership remaining in the seller. McVicker v. May, 3 Pa. St. 224, 45 Am. Dec. 637," and other cases cited. See Clow v. Woods, 5 Serg. & R. 281, 9 Am. Dec. 346.

*F. F. Marshall* and *John P. Vincent,* for defendants in error. —An agreement to sell a chattel in an unfinished state, to be delivered at a future time, is an executory contract for a breach of which an action for damage lies; but it does not pass the property in the chattel. Pritchett v. Jones, 4 Rawle, 260. See Jenkins v. Eichelberger, 4 Watts, 121, 28 Am. Dec. 691.

Acts which were not fraudulently intended, yet, as their tendency is to defraud creditors, if they vest the property of the debtor in his grantee, are void for legal fraud. Whenever the subject of the sale is capable of actual delivery, it must accompany and follow the sale. The possession of the chattels by the vendee must be exclusive of the vendor. McKibbin v. Martin, 64 Pa. 352, 3 Am. Rep. 588.

Actual change of possession must accompany a voluntary sale of chattels, and the possession must continue in the purchaser. It is not the place the property occupies that gives color of possession to the vendee, but the connection the place has with the vendor. Barr v. Reitz, 53 Pa. 256; Wagner v. Com. 16 W. N. C. 75.

PER CURIAM:

There is no error in refusing to affirm the points submitted by the plaintiffs. We fully concur with the learned judge that, so far as third persons were concerned, the plaintiffs were lenders of the money and not purchasers of the property. It

follows that they cannot hold the property as security for their advances, against creditors who have taken it in execution.

Judgment affirmed.